**Bennett Deo SUNDAR, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–74258.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2007 *.

Filed Jan. 12, 2007.

Ashwani K. Bhakhri, Esq., Law Offices of Ashwani K. Bhakhri, Burlingame, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Kirk E. Sherriff, Esq., USF—Office of the U.S. Attorney, Fresno, CA, Jennifer Levings, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: ALARCÓN, HALL and PAEZ, Circuit Judges.

## MEMORANDUM **

Bennett Deo Sundar, a native and citizen of Fiji, petitions for review of the Board of Immigration Appeals' ("BIA") decision summarily affirming an Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal, and request for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition.

■ Substantial evidence supports the IJ's decision that Sundar failed to establish past persecution or a well-founded fear of future persecution based on minor assaults and theft by ethnic Fijians. *See Prasad v. INS,* 47 F.3d 336, 339–40 (9th Cir.1995) (finding no past persecution or well-founded fear of future persecution where the petitioner was arrested, detained for four to six hours, beaten, and private citizens threw stones at his house and attempted to steal property).

Because Sundar failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Mansour v. Ashcroft,* 390 F.3d 667, 673 (9th Cir.2004).

Sundar also failed to establish a CAT claim because he did not show that it was more likely than not that he would be tortured if he returned to Fiji. *See Kamalthas v. INS,* 251 F.3d 1279, 1283–84 (9th Cir.2001).

Sundar's argument that his counsel's ineffective assistance violated his due process rights fails because he has not demonstrated prejudice. *See Rojas–Garcia v. Ashcroft,* 339 F.3d 814, 826 (9th Cir.2003).

■ We lack jurisdiction to review Sundar's claim that the persecution he allegedly suffered warrants a humanitarian grant of asylum, because he failed to exhaust the claim before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir.2004).

The motion of counsel for petitioner, Ashwani K. Bhakhri, Esq., to withdraw as counsel is granted. The Clerk shall change the docket to reflect that petitioner Bennett Deo Sundar, 3196 White Circle, Marina Circle, CA 93933, is proceeding pro se.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

